JORGE ROMANY, JUAN PEDROSA ET ALS., Petitioners, *v*. DISTRICT COURT OF SAN JUAN, C. LLAUGER DÍAZ, JUDGE, Respondent.

No. 1185.   Argued June 19, 1939.—Decided July 29, 1939.

Dubón & Ochoteco for petitioners.   Leopoldo Feliú for intervener Las Monjas Racing Corporation, complainant in the principal suit.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

In the civil suit No. 26,619, had before the District Court of San Juan by Las Monjas Racing Corporation against Arandes & Grovas, Fausto E. Arandes and Francisco Grovas, a perpetual injunction against the defendants was prayed for. A restraining order was issued while the court decided the preliminary injunction. The defendants requested the suspension of the restraining order and the court acceded, ordering it by means of the bond filed on January 12, 1937, to guarantee any damages that might be caused to the complainant, signed by the herein petitioners Jorge Romany and Juan Pedrosa. On March 18, 1937, the petition for a preliminary injunction was denied but later, on March 14, 1938, judgment was rendered decreeing the perpetual injunction prayed for by the complainant. Once the judgment decreeing the perpetual injunction was final, the complainant filed a motion dated September 15, 1938, entitled "Motion

for the examination of the defendants and their sureties as to their solvency, etc." The prayer of said motion reads literally as follows:

"For the foregoing reasons the complainant respectfully prays this court to. issue an order directed to the said defendants and their sureties requesting them to appear before it on the date stated in said order to be examined in regard to their solvency in executing said bond and at the present time and that once said hearing is had and the defendants and the sureties are heard, the defendants be ordered to execute a good and sufficient bond with solvent sureties who will have the economic conditions required in said cases, and that said bond be made in the same terms and include the same conditions as the previous bond and that the force and effect of said bond be made retroactive to January 12, 1937, substituting this new bond for the previous one, and that the court proceed in this case according to the results of said hearing and of the evidence brought by the parties."

In granting said motion, the court issued the following order:

"In view of the motion under oath filed in this case and after examining the record, the defendants Fausto E. Arandes, Francisco Grovas, Arandes & Grovas, and Deogracias Viera and their sureties Jorge Romany and Juan Pedrosa are hereby ordered to appear in this court on September 27, 1938, at 9:00 A. M. to be examined in regard to their economic solvency in executing the bond that they filed in this court and which was approved on January 12, 1937, and in favor of the complainant in this case. Said bond appears given in compliance with an order issued by this court in this same case on January 12, 1937, suspending the effects of the restraining order that had been issued against said defendants, all the foregoing so that this court may be able to decide the aforesaid motion or petition of the complainant, a copy of which is ordered to be delivered to said defendants and their sureties upon being notified of this order, which shall be done by the marshal of this court in compliance with the corresponding writ which the secretary shall issue."

The herein petitioners requested the lower court to annul said order and after hearing the parties, the court overruled the motion of the petitioners and left in effect the afore-mentioned order.

On June 3, 1939, the petitioners filed this petition for certiorari praying for the annulment and abatement of the said order of September 15, 1938.

The petitioners uphold that as they gave bond to suspend the effects of the restraining order while the preliminary injunction was decided, upon its denial, liability of the bond was extinguished and that this being so, the court has no authority to ask them to prove their solvency.

The petitioners argue their case as though the order of the court were conceived in the same terms as the prayer of the motion of the complainant which we have hereinbefore transcribed. Nevertheless, the order attacked limits itself exclusively to ordering the appearance of the defendants and the sureties *"to be examined in regard to their economic solvency in executing the bond* which they filed . . . and which was approved on January 12, 1937".

As the perpetual injunction has been decreed, it is evident that the bond that the petitioners gave, if its liability ceased as to the damages that might have been caused after the preliminary injunction was denied, there cannot be any doubt that it is liable and continues so to be as to the damages caused since the restraining order was suspended until the preliminary injunction was denied. This being so, the court acted within its jurisdiction in ordering as it ordered that the sureties prove their economic solvency *on the date in which they gave said bond.*

For the foregoing reasons the preliminary writ issued should be annulled.

Mr. Justice Travieso took no part in the decision of this case.